**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00189-001-TUC-JGZ (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Hector Medina-Rosas, | |
| Defendant. | |

The pending motion to suppress (Doc. 41) challenges a pretextual traffic stop of Defendant Hector Medina-Rosas by Pima County Sheriff's Deputy Carlos Ruiz. Deputy Ruiz testified that on September 20, 2017, he was working as part of the Border Interdiction Unit. The primary purpose of this unit is to cooperate with federal agencies to stop vehicles that are believed to be involved in drug and weapons trafficking. Agent Ruiz testified that he was provided information about Defendant's vehicle in relation to a weapons violation investigation, and was asked to develop independent reasonable suspicion to stop the vehicle and to attempt to search the vehicle.

After an evidentiary hearing, at which Deputy Ruiz was the sole witness, Magistrate Judge Bernardo P. Velasco issued a Report recommending denial of the motion to suppress. (Doc. 60.) Judge Velasco concluded that Deputy Ruiz had reasonable suspicion to stop Defendant's vehicle for failure to yield by moving to the right-hand lane, which is a traffic violation. (Doc. 60.) In his Report and Recommendation (R&R), Judge Velasco found: "Ruiz, intended, if possible, to effect the stop. If he could not develop an appropriate reason

to stop [the defendant's vehicle], he was not going to stop, but rather leave it alone and let it proceed wherever it was going." (Doc. 60, p. 2). Judge Velasco concluded, "there is no doubt that Deputy Ruiz would not stop the vehicle if no such cause existed." (*Id*. at 3.)

Defendant filed his Objection to the R&R on October 5, 2018, and the Government filed a Response on October 16, 2018. (Docs. 68, 71.) Defendant challenges Magistrate Judge Velasco's legal conclusion that the traffic stop was supported by reasonable suspicion. Defendant argues that Judge Velasco erred by relying on Deputy Ruiz's testimony, which was not credible because: (1) Deputy Ruiz omitted material facts from his incident reports in order to obscure the actual motivation for the stop (Doc. 68 at 3); (2) Deputy Ruiz's testimony was inconsistent with his written report of the incident; and (3) the conditions on the night of the stop did not support Deputy Ruiz's claim that a violation of the traffic laws occurred. (Doc. 68.) Defendant asserts Deputy Ruiz's testimony should have been discounted in its entirety and concludes that Deputy Ruiz had no independent basis for making a traffic stop, and that he did so anyway, manufacturing a traffic violation in his incident report.

Upon independent review of the record the Court will adopt the R&R (Doc. 60) and will deny Defendant's motion to suppress. (Doc. 41.)

## STANDARD OF REVIEW

The Court reviews *de novo* the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R&R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998). If the Court rejects the credibility findings of the magistrate judge, a *de novo* hearing is required. *United States v. Ridgeway*, 300 F.3d 1153, 1157 (9th Cir. 2002).

## FACTUAL BACKGROUND

Judge Velasco found that Deputy Ruiz had reasonable suspicion to stop Defendant's vehicle. The R&R states:

> [Deputy Ruiz] observed the vehicle traveling north through a construction zone. Deputy Ruiz drove up to a vehicle directly behind the Jetta. The two

vehicles in front [of] Deputy Ruiz were traveling at about the same speed, although it appeared the vehicle behind the Jetta was traveling too close. At that time, Deputy Ruiz noticed at least two more vehicles came up behind the first three cars. Altogether five or more cars were on the inside passing lane. As Deputy Ruiz was pacing the Jetta to determine its speed, all vehicles passed at least one, if not two signs, stating that slower traffic must keep to the right. In the course of this pursuit, Deputy Ruiz could observe that there were no vehicles in front of the Jetta obstructing his ability to proceed at a speed of 55 m.p.h. or to move into the right lane. Based upon his observations, Deputy Ruiz concluded that the Jetta was delaying the orderly flow of traffic and violating the directive to move to the right.

(Doc. 60, p. 2.)

In concluding that Deputy Ruiz had reasonable suspicion to stop Defendant's vehicle, Judge Velasco reasoned that Defendant was required to move to the right lane because he and the four vehicles trailing him were traveling in the left lane of a two-lane road at 45 miles per hour in a 55 mile per hour speed zone. As the lead vehicle, Defendant was required to yield the passing lane to the trailing vehicles. (Doc. 60 at 3.)

## ANALYSIS

An officer may conduct a traffic stop without violating the Fourth Amendment if the stop is supported by reasonable suspicion that a crime is, has been, or will soon be committed. *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006). "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *Choudhry*, 461 F.3d at 1100.

Having reviewed Deputy Ruiz's testimony, the Court agrees with Judge Velasco's conclusion that Deputy Ruiz had reasonable suspicion to stop Defendant's vehicle for a traffic violation. A.R.S. § 28-644 requires drivers to "[o]bey the instructions of an official traffic control device . . . ." A.R.S. § 28-721(B) provides that "[o]n all roadways, a person driving a vehicle proceeding at less than the normal speed of traffic . . . shall drive the vehicle in the right-hand lane then available for traffic. . . ." If a roadway is divided into two or more clearly marked lanes for traffic, A.R.S. § 28-729(3) further provides that "[o]fficial signs may be erected directing slow-moving traffic to use a designated lane . . . and drivers of vehicles shall obey the directions of every sign."

Deputy Ruiz testified that on September 20, 2017, he observed the Defendant driving in the left lane of a two-lane road at 45 miles per hour, through a construction zone with a posted speed limit of 55 miles per hour; at least four cars were stacked up behind Defendant's car; no cars were traveling in front of Defendant's vehicle; and Defendant passed at least two signs directing slower traffic to keep to the right. (Doc. 60 at 2.)

After a careful review of the testimony, the Court rejects the suggestion that Deputy Ruiz manufactured a justification for the stop after the fact. Deputy Ruiz credibly explained the labeling of his report, including the agency's practice of using restricted supplemental reports. Defendant takes Deputy Ruiz's testimony regarding when he first observed the traffic sign out of context. Ruiz testified that he saw the sign as he approached it and it was clearly visible, even at night. (9/17/18 Tr. at 13:20-24.) Ruiz testified that he first identified the defendant's vehicle north of the Pima Mine Road exit, past the active construction zone. (*Id.* at 7:9-10, 8:2-5). During his pace of Defendant's vehicle, the defendant passed by a traffic control device which stated "Slower Traffic Keep Right." (*Id.* at 9:20-25, 10:1-2.)

Similarly, Deputy Ruiz's testimony that the vehicle behind the Defendant's vehicle was following too close and that Deputy Ruiz was able to position himself directly behind the Defendant is not contradictory. Deputy Ruiz testified that he identified the Defendant's vehicle and paced it for roughly one mile. (9/17/18 Tr. at 8:20-21, 45:21-22.) Deputy Ruiz noted that the vehicle directly behind the Defendant's was less than a car length away from the Defendant's vehicle. (*Id.* at 8:14-15.) During cross-examination, Ruiz's explained that he was "eventually able to overtake" the car in front of him and get behind Defendant. (*Id.* at 39:4-6.)

*United States v. Plascencia*, 2015 WL 631277 (D. Ariz. 2015), does not compel a different result. Although the *Plascencia* decision held that no reasonable suspicion existed to support a traffic stop based on a car's failure to move to the right lane in violation of A.R.S. § 28-721, there the court found that "the video reflects that [the defendant's vehicle] was moving with traffic at a speed close to or equal to the speed limit." *Id*. at *3. That is

not the case here. There is no evidence that contradicts Deputy Ruiz's testimony that Defendant was driving under the posted speed limit, trailed by other vehicles, in the fast lane.

For the foregoing reasons, the Court concludes that Deputy Ruiz had reasonable suspicion to stop Defendant's car.

THEREFORE, IT IS ORDERED that the Report and Recommendation (Doc. 60) is ADOPTED.

IT IS FURTHER ORDERED that Defendant's Motion to Suppress (Doc. 41) is DENIED and his Objections (Doc. 68) are OVERRULED.

Dated this 21st day of December, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge